572 S.E.2d 283

**In the Matter of James A. FRANKLIN, Jr., Respondent.**

**No. 25550.**

Supreme Court of South Carolina.

Submitted Sept. 24, 2002.
Decided Oct. 28, 2002.

Henry B. Richardson, Jr., Barbara M. Seymour, and Senior Assistant Attorney General Nathan Kaminski, Jr., all of Columbia, for the Office of Disciplinary Counsel.

James A. Franklin, Jr., of Columbia, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the sanction of disbarment. We accept the agreement and disbar respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

### Facts

On October 4, 2000, respondent pled guilty in the United States District Court for the Eastern District of Michigan to

laundering monetary instruments.[1] He was sentenced to thirty-two months in prison followed by two years of supervised release. In addition, respondent was ordered to pay a fine of $10,000.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (client funds shall be appropriately safeguarded); Rule 4.1 (in the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person or fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits that he has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(4) (it shall be a ground for discipline for a lawyer to be convicted of a crime of moral turpitude or a serious crime); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or to engage in conduct demonstrating an unfitness to practice law).

### Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent. Respondent's request that the period of

---

1. Respondent was placed on interim suspension on March 9, 2000, as a result of these charges. *In the Matter of Franklin*, 339 S.C. 350, 529 S.E.2d 274 (2000).

26

disbarment be made retroactive to the date of his interim suspension is denied. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.